JOHN GRAY *v.* H. C. SHEETS.

Approval of Attachment Bond.

To recover on an attachment bond it is not required that the bond should show on its face that it was approved. The taking of an attachment bond amounts to an approval by the officer, and the parties are bound by it.

APPEAL FROM KENTON CIRCUIT COURT.

March 1, 1879.

OPINION BY JUDGE COFER:

It is alleged in substance that the appellee instituted suit against Graham in the Kenton Chancery Court and sued out an attachment and caused the trustees of the Southern Railway to be summoned as garnishees, that Graham and Gray executed the bond sued on to procure a discharge of the attachment, and that the appellee recovered judgment in the action against Graham, which is unpaid.

All these allegations being taken to be true on demurrer, the petition is clearly sufficient, unless it is necessary to the validity of the bond that it should appear on its face to have been "approved" by the officer. The obligors in the bond undertook and bound themselves to the appellee that Graham should satisfy the judgment ren-

dered in the action, and the bond, as confessed by the demurrer, having been taken in the action in which the judgment was rendered for which they are sought to be held liable, the taking of the bond amounted to an approval by the officer, and the appellants are bound upon it.

That the appellee had already a judgment against Graham for his debt is no reason why he should not recover against him on the bond. The bond binds him and another to satisfy the judgment, and not having done so a cause of action accrued to him for the breach of the bond, and by suing and obtaining judgment on the bond the first judgment is merged in or satisfied by the second.

Counting interest on the amount of the bond from April 9, 1877, to January 19, 1878, when the judgment in this case was rendered, the amount for which the appellee was entitled to judgment was $524.16; and as Gray is only liable for the amount he undertook to pay, the judgment must for that alone be reversed.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*T. F. Hallam, for appellant. Stevenson & O'Hara, for appellee.*